An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ALTON WALKER, JR. A/K/A ALTON WALKER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61485

FILED

APR 1 0 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK



ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; James M. Bixler, Judge.

In his petition filed on April 12, 2012, appellant claimed that he received ineffective assistance of counsel. To prove ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must demonstrate that his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985); Kirksey v. State, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be shown. Strickland v. Washington, 466 U.S. 668, 697 (1984).

_____

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. See Luckett v. Warden, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-10633

First, appellant claimed that his trial counsel failed to file a motion to compel discovery. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. The State maintained an open-file policy. Appellant failed to identify with any specificity discovery that was withheld by the State or that should have been sought by counsel. Appellant failed to demonstrate that there was a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial had his counsel filed a motion to compel discovery. Therefore, we conclude that the district court did not err in denying this claim.

Second, appellant claimed that his trial counsel failed to meet with him and coerced his guilty plea due to the lack of preparation and communication. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. During the plea canvass, appellant acknowledged that he had discussed his plea agreement with his counsel, that he understood the plea agreement and had no questions, and that his plea was not the product of threats or coercion. Appellant failed to demonstrate that further meetings with counsel and further preparation would have had a reasonable probability of altering his decision to enter a guilty plea. Therefore, we conclude that the district court did not err in denying this claim.

Third, appellant claimed that his trial counsel told him he would receive a sentence of two to five years, that other charges would be dropped, and that his bail would be reduced. Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Appellant was personally canvassed about the potential sentence and appellant indicated that he understood that he could receive a sentence of up to ten years for the battery charge and a sentence of five

to twenty years if he were adjudicated a small habitual criminal. Pursuant to the plea agreement, the State retained the right to argue for small habitual criminal treatment but agreed to the dismissal of other charges. The plea agreement does not contain any promise of a bail reduction.[2] Appellant affirmatively acknowledged that no promises beyond those contained in the plea agreement were made to him. Therefore, we conclude that the district court did not err in denying this claim. Accordingly, we

ORDER the judgment of the district court AFFIRMED.



_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:  Hon. James M. Bixler, District Judge
     Alton Walker, Jr.
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk

---

[2]Counsel unsuccessfully litigated a post-plea motion for reduction of bail.